United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-30109
Summary Calendar

_____

JOHN VEAZEY; TONYA VEAZEY,

                              Plaintiffs-Appellants,

versus

ASCENSION PARISH SCHOOL BOARD, ET AL.,

                              Defendants,

ASCENSION PARISH SCHOOL BOARD,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-377-C

_____

Before JOLLY, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John and Tonya Veazey appeal the district court's grant of

summary judgment to the Ascension Parish School Board in this case,

which was brought pursuant to the Individuals with Disabilities in

Education Act (IDEA) and the Louisiana Exceptional Children's Act

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(LECA).[1]  The Veazeys argue that the Ascension Parish School Board violated the substantive and procedural requirements of these acts by transferring their deaf minor son, Buddy, from his neighborhood school three miles from their home to a "cluster" school seven miles from their home.  This transfer required Buddy to ride a special school bus used to transport disabled children instead of a regular school bus, and required him to share a transliterator with another hearing impaired student instead of having a private transliterator.

We review a grant of summary judgment *de novo*.[2]  "When an action is brought under the IDEA, our inquiry is two-fold: (1) whether 'the [IEP] developed through the Act's procedures [is] reasonably calculated to enable the child to receive educational benefits'; and (2) whether the school district has 'complied with the procedures set forth in the [IDEA].'"[3]  "If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more."[4]

---

[1]The Veazeys cite to but do not substantively argue LECA. Thus, we will only consider their claims under the IDEA. *See L&A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (finding that an issue inadequately briefed is considered abandoned on appeal).

[2]*Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

[3]*White*, 343 F.3d at 378 (quoting *Rowley*, 458 U.S. at 206-07) (alterations made in *White*).

[4]*Id.* (quoting *Rowley*, 458 U.S. at 207) (internal quotation marks omitted).

The gravamen of the Veazeys' complaint is that the School Board's decision to transfer Buddy to the "cluster" school constituted a change in his "educational placement," requiring the Board to provide them with prior written notice.[5] Because notice was provided only after the decision to transfer Buddy was made, the Veazeys contend that their rights under the IDEA were violated.

The Veazeys have not shown that the School Board's actions were improper. First, a change in the particular school site at which a disabled student's "individualized education program" (IEP) is implemented does not constitute a change in "educational placement."[6] Second, Buddy's IEP did not require the provision of a personal transliterator. Third, requiring Buddy to ride the special bus for disabled children instead of the regular bus did not effect a fundamental change in his IEP.[7] Lastly, we can find no evidence that these changes in any way alter the fact that Buddy's IEP is reasonably calculated to enable him to receive educational benefits by providing him with the "requisite basic

---

[5] 20 U.S.C. § 1415(b)(3).

[6] *See White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 379 (5th Cir. 2003) ("'Educational placement', as used in the IDEA, means educational program – not the particular institution where that program is implemented.").

[7] *See Sherri A.D. v. Kirby*, 975 F.2d 193, 206 (5th Cir. 1992) ("An educational placement, for the purposes of the EAHCA [IDEA's predecessor], is not changed unless a fundamental change in, or elimination of, a basic element of the educational program has occurred."); *DeLeon v. Susquehanna Comty. Sch. Dist.*, 747 F.2d 149, 154 (3rd Cir. 1984) (finding that a change in method of transportation did not constitute a change in placement).

floor of opportunity."[8]

Accordingly, the Veazeys have not shown that the district court erred in granting the School Board's motion for summary judgment.

AFFIRMED.

---

[8]*White*, 343 F.3d at 378.